UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:04CV-00099-ERG

ROGER PATRICKUS and CANDY
POLLOCK A/K/A CANDY PATRICKUS                                    PLAINTIFFS

VS.

SANDRA C. DAVIS A/K/A SANDY DAVIS                                 DEFENDANT

MEMORANDUM OPINION

Before the Court are Plaintiffs' motion for summary judgment (DN 11) and the first supplement to their motion for summary judgment (DN 19). Defendant, Sandra C. Davis a/k/a Sandy Davis ("Ms. Davis") has filed a response (DN 21) and Plaintiffs have filed a reply (DN 23). The issue is now ready for determination.

FINDINGS OF FACT

On June 12, 2004, Plaintiffs ("the Patrickuses") were the high bidders in a public auction, without reserve, of approximately 313.798 acres of real property with improvements in Muhlenberg County, Kentucky (the "subject real property") (DN 11). The subject real property included improvements such as horse barns and a large residence (DN 11).

Immediately following the auction, Ms. Davis and the Patrickuses executed the Real Estate Purchase and Sale Contract (the "Purchase Contract") (DN 11, Exhibit 2). Pursuant to the terms of the Purchase Contract, Ms. Davis agreed to sell and the Patrickuses agreed to buy the subject real property for a total sales price of $1,056,952.60 (DN 11, Exhibit 2). There is no dispute that the Patrickuses failed to timely tender to Ms. Davis' auctioneer the 10% earnest money deposit

of $105,695.26 (DN 11, 19, 21, 23).  However, the Patrickuses did tender the full amount of the earnest money deposit by June 30, 2004 (DN 23).

The Purchase Contract required the parties close the transaction "on or before July 12, 2004" (DN 11, Exhibit 2).  At that time the Patrickuses were to pay Ms. Davis the $951,257.74 balance of the purchase price in exchange for her delivery of possession of and general warranty deed conveying the subject property to the Patrickuses (DN 11, Exhibit 2).  The closing did not occur on July 12, 2004.

The Patrickuses filed the within action on July 28, 2004, because they contend that they have, at all times pertinent hereto, been ready, willing and able to close the transaction (DN 11). They allege Ms. Davis has failed and refused to complete the transaction (DN 11).

On January 19, 2005, the Patrickuses filed their motion for summary judgment (DN11).  Initially they were seeking specific performance of the Purchase Contract and an award of damages (DN 11).  The dispositive motion apparently served as a catalyst for negotiations between the parties.

On February 7, 2005, the parties jointly moved the Court to continue Ms. Davis' time to file an opposing memorandum (DN 12).  As grounds for the joint motion, the parties advised the Court that "they are in the process of trying to close the real estate transaction which is the subject of this action" (DN 12).  From that point on the Court conducted periodic telephonic status conferences to monitor the parties efforts to close the real estate transaction.  During a telephonic status conference on March 4, 2005, counsel for the parties advised the Court that a real estate closing was scheduled for March 23, 2005 (DN 13).  The parties were to submit an agreed order dismissing the action should the closing proceed as anticipated (DN 13).

During a telephonic status conference conducted on July 6, 2005, counsel for the parties advised the Court that they expected the real estate closing to take place within 45 days (DN 16). During a telephonic status conference conducted on September 8, 2005, counsel for the parties advised the Court that the real estate closing was scheduled to take place on September 12, 2005 (DN 18).

There is no dispute that Fifth Third Bank issued a commitment letter for the sum of $950,000 on August 26, 2005 (DN 19, Exhibit 10; DN 21). Furthermore, the Patrickuses and Ms. Davis agreed to close the transaction on September 12, 2005 (DN 19, Exhibit 10; DN 21). However, Ms. Davis subsequently discovered she could not close the transaction on September 12, 2005, because she did not have releases from all of the lien holders (DN 19, Exhibit 10; DN 21). On September 9, 2005, Ms. Davis requested in writing that the closing date be rescheduled to an undetermined time in the future, after she obtained the necessary releases from the lien holders (DN 19, Exhibit 10; DN 21). The Patrickuses did not agree to Ms. Davis' request to reschedule the closing (DN 19, 23).

On September 12, 2005, the Patrickuses along with a representative of Fifth Third Band, and the title agent were present at the scheduled time and location for the closing (DN 19, 23). The Patrickuses contend they were fully prepared, willing and able to close the transaction at that time (DN 19, 23). Ms. Davis did not appear for the closing. It is undisputed that Ms. Davis was not able to deliver on September 12, 2005, all of the lien releases necessary to close the transaction (DN 21). Ms. Davis concedes she has yet to obtain all of the lien releases necessary to close the transaction (DN 21).

Pending before the Muhlenberg Circuit Court[1] is a separate State court action addressing claims various lien holders have brought against Ms. Davis and the subject real property (DN 19, 23). The Patrickuses are parties in that action and have recently been granted summary judgment on the very issue they now raise before this Court in their first supplement to their motion for summary judgment (DN 19, Exhibit 11). The Muhlenberg Circuit Court has awarded a judgment in favor of the Patrickuses and against Ms. Davis in the amount of $105,695.26 plus interest at 8% per annum from September 12, 2005 until the entry of the judgment (September 19, 2005) and thereafter interest at 12% per annum until paid plus all costs incurred by the Patrickuses herein (DN 19, Exhibit 11). Additionally, the Muhlenberg Circuit Court has issued judgments in favor of Sunbelt Construction, Lewisburg Banking Company and First National Bank of Muhlenberg County and against Ms. Davis that exceed $1,056,952.60 (DN 23, Exhibits 13, 14, 15). The Muhlenberg Circuit Court has directed the Master Commissioner to sell the subject real property in an effort to satisfy these judgments against Ms. Davis.

On September 23, 2005, the Patrickuses filed in this Court their first supplement to their motion for summary judgment (DN 19). Essentially, the Patrickuses have amended their motion for summary judgment because Ms. Davis failed to close the transaction on September 12, 2005, and because they believe Ms. Davis will never be able to close the transaction (DN 19, 23). They now seek summary judgment on the issue of their right to recover the $105,695.26 down payment they made to Ms. Davis' auctioneer (DN 19).

---

[1] Sunbelt Construction, Inc., v. Gary L. Davis, Sandy Davis, et al., Civil Action No. 01-CI-00396.

CONCLUSIONS OF LAW

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate if "the pleadings depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The inquiry under Rule 56(c) is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-252 (1986); see also Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment...against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial..." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The party seeking summary judgment bears the initial burden of informing the Court of the basis of its motion and demonstrating the absence of any genuine issue of material fact. Celotex, 477 U.S. at 322-323. Once the moving party satisfies this burden, the burden shifts to the non-moving party to demonstrate there is a genuine issue of fact for trial. Anderson, 477 U.S. at 247-248. Although the Court must review the evidence in a light most favorable to the non-moving party, the non-moving party is required to do more than simply show that there is some "metaphysical doubt as to the material facts." Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Rule 56 requires the non-moving party to present "*specific facts* showing there is a *genuine* issue for trial," by affidavit, depositions, answers to interrogatories, and/or admissions on file. Fed.R.Civ.P. 56(c) and (e) (emphasis added); Celotex, 477 U.S. at 324. The

5

substantive law governing the case will determine what issues of fact are material. Street, 886 F.2d at 1479-1480. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, the motion for summary judgment should be granted." Pitts v. Michael Miller Car Rental, 942 F.2d 1067, 1069-1070 (6th Cir. 1991) (citing Matsushita Elec. Ind. Co., 475 U.S. at 586).

The rule in Kentucky is well settled. The purchaser of land under a contract may recover back this advance on the purchase price if the vendor is not ready, willing and able to perform the agreement. Graves v. Winer, 351 S.W.2d 193, 197 (1961); Triplett v. Knight, 217 S.W.2d 802, 803 (Ky. 1949); Robenson v. Yann, 5 S.W.2d 271, 274-275 (Ky. 1928). However, the purchaser must be free from the fault that defeated the deal, and, if the purchaser is to blame for the situation, then the purchaser may not obtain this relief. Graves, 351 S.W.2d at 197; Triplett, 217 S.W.2d at 803; Robenson, 5 S.W.2d at 274-275.

The first question in this case is whether or not Ms. Davis was ready, willing, and able to perform the agreement on September 12, 2005. Triplett, 217 S.W.2d at 803. The undisputed evidence shows on that date, Ms. Davis though willing was not ready or able to perform the agreement because she had not obtained releases for all of the liens filed on the property. In sum, Ms. Davis both failed to and was unable to tender good title on September 12, 2005. Furthermore, based on the evidence in the record it is clear that since September 12, 2005, Ms. Davis has not been able to tender good title. Nor is it likely she will ever be able to tender good title because of the judgments that lien holders have recently obtained via the separate State court action pending before the Muhlenberg Circuit Court.

The second question in this case is whether or not the Patrickuses are free from fault

6

that defeated performance of the agreement. In an attempt to show the Patrickuses are not free from the fault, Ms. Davis argues the Patrickuses breached the original real estate purchase and sale contract by failing to timely tender the $105,695.26 down payment to the auctioneer (DN 21). However, in making this argument, Ms. Davis turns a blind eye to the fact she waived the effect of the purchasers' default by accepting the late payment and subsequently agreeing to specifically perform the transaction. 92A C.J.S., Vendor and Purchaser § 646, Page 172.

Next, Ms. Davis asserts that delays the Patrickuses experienced in attempting to obtain financing are the reason that the lien creditors were unwilling to cooperate with her efforts to obtain the requisite releases to perform the transaction (DN 21). Since Ms. Davis has not submitted supporting affidavits from the lien holders, her bare assertion is not sufficient to show there is a genuine issue of fact. See Fed.R.Civ.P. 56(c) and (e); Celotex, 477 U.S. at 324. Alternatively, Ms. Davis waived this argument because she agreed to the extensions of time that allowed the Patrickuses to obtain the necessary financing to close the transaction.

In sum, the record taken as a whole could not lead a rational trier of fact to find for Ms. Davis on the question of whether she was ready, willing and able to perform the agreement on September 12, 2005. Furthermore, the record taken as a whole could not lead a rational trier of fact to find that actions by the Patrickuses defeated the performance of the agreement on September 12, 2005.

For the foregoing reasons, the Court will in a separate order grant the Patrickuses' motion for summary judgment on the issue of whether they are entitled to recover their $105,695.26 down payment from Ms. Davis because she was not ready, willing, and able to perform the agreement on September 12, 2005. Further, the separate order will direct Ms. Davis to return to the

Patrickuses the $105,695.26 plus interest at 8% per annum from September 12, 2005 to September 19, 2005, and thereafter plus interest at 12% per annum until paid, plus all court costs incurred by the Patrickuses.

Copies:    Counsel of Record